UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 22-001-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 23-262-DCR |
| ) | |
| CHRISTOPHER WAYNE ) | |
| LIVINGOOD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Christopher Livingood was sentenced to 360 months' imprisonment after pleading guilty to producing child pornography in violation of 18 U.S.C. § 2251(a). However, he recently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. [Record No. 56] Livingood's motion will be deny motion because he has failed to establish an error of constitutional magnitude, including the deprivation of the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

I.

Livingood came to the FBI's attention during its investigation of Diana Roe, an individual who served as the administrator of a Kik Messenger group that involved child sexual abuse and bestiality material.[1] A review of Roe's Kik account revealed that she exchanged

---

[1] Roe pleaded guilty to one count of distribution and receipt of child pornography and was sentenced to 180 months' imprisonment. *United States v. Roe, et al.*, 1: 19-CR-299 (S.D. Ind. Jan. 8, 2021).

- 1 -

visual depictions of minors engaged in sexually explicit conduct with multiple Kik users, including "bryan388." User bryan388 sent Roe at least one image depicting an adult male, whom bryan388 reported to be himself, engaged in sexually explicit conduct with a child. Kik user bryan388 further reported to Roe that he had sexually abused at least two children to whom he had access. Authorities identified bryan388 as Defendant Livingood following an investigation which concluded in 2021.

A forensic examination of Livingood's phone revealed Kik conversations between Roe and Livingood that occurred between January 2018 and June 2019 in which they discussed committing child sexual abuse and bestiality. Livingood sent Roe numerous sexually explicit images of minors engaged in sexual activity with adults and at least two sexually explicit images of a male infant in his care.

Livingood was charged with producing (Count 1), distributing (Counts 2 and 3), receiving (Counts 4 and 5), and possessing (Count 6) child pornography in January 2022. Attorney Christopher Spedding was appointed under the Criminal Justice Act to represent Livingood. Following an approximate two-month trial continuance that Spedding requested so that he could review the voluminous discovery in the case, Livingood filed a motion for re-arraignment. Livingood pleaded guilty to Count 1 on May 27, 2022, pursuant to a written plea agreement. [Record Nos. 24, 25] On September 16, 2022, Livingood was sentenced to the statutory maximum sentence (360 months' imprisonment), followed by a life term of supervised release. Counts 2 through 6 of the indictment were dismissed on motion of the United States and pursuant to the parties' plea agreement.

## II.

Livingood has filed a timely motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 based on claims of ineffective assistance of counsel. To prevail on such a claim, the movant must establish that counsel's performance was constitutionally deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate that counsel's performance was constitutionally deficient, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Courts must be highly deferential in evaluating counsel's performance and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-90. A defendant seeking to establish ineffective assistance of counsel must prove his claim by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### A.

Livingood first argues that attorney Spedding was ineffective for failing to properly investigate his charge of producing child pornography. However, he does not indicate what additional investigation he believes Spedding should have performed. Instead, he insists that his conviction is based on "innocent" events that occurred when he was babysitting his infant grandson in 2017. Livingood reports that, while changing the infant's diaper, he discovered that "tiny, clear moisture-absorbing beads" had expelled from the diaper and onto the "baby's midsection." Livingood contends that he simply "attempted to photograph the tiny beads" with his cell phone camera because he was annoyed with the situation.

But it is unclear what additional investigation attorney Spedding could have performed to verify Livingood's claimed motivation for taking photographs of the infant's genital region.

The United States has tendered an affidavit from attorney Spedding indicating that Spedding spent over 35 hours reviewing discovery and met with Livingood approximately eight times. Spedding noted in his affidavit that an argument could be made that the photographs of Livingood's grandson were benign—but only if they were viewed in isolation.

Consistent with Spedding's observation, Livingood's claim concerning the innocent nature of the images is undermined by substantial evidence in the record, which he notably omits from his motion. This includes contemporaneous Kik messages in which Livingood advised Roe that he would "have the baby tomorrow all day" and described his plans to sexually abuse the infant. Livingood also sent Roe numerous other images depicting child sexual abuse and described to Roe his sexual abuse of the infant and another child in graphic detail.

Relatedly, Livingood claims that the images he produced were not sexually explicit and were not made for the purpose of creating child pornography.[2] This argument is at odds with Livingood's plea agreement pursuant to which he admitted employing or using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. [Record No. 25] Nevertheless, the Court will further address why the two images at issue constitute sexually explicit conduct and were made for the purpose of creating child pornography.

---

[2] Claims that can be presented on direct appeal but are not are forfeited and cannot be considered in a § 2255 motion. *United States v. Frady*, 456 U.S. 152 (1982). Livingood forfeited the claims discussed in the remainder of this subsection by failing to raise them on appeal. However, to the extent he contends that Spedding was ineffective for failing to raise these issues on appeal, the Court has addressed them for the sake of thoroughness.

Sexually explicit conduct includes lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256. As the defendant correctly notes, courts within the Sixth Circuit apply a multifactor test to determine whether an image is lascivious. *See United States v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)). The relevant factors include:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

This list is not exhaustive and an image need not satisfy every factor to be deemed lascivious. *Id.*

Livingood created and sent Roe two images that satisfy several of the *Dost* factors. One image portrayed the lower half of the infant's body without clothing or a diaper. The infant's legs were spread and his genitals were exposed, and an adult male hand could be seen reaching toward the infant's penis. The second image showed Livingood grabbing the infant's penis with the thumb and index finger of his left hand and pulling back the foreskin. These images were clearly focused on the child's genitalia and, based on the accompanying Kik messages Livingood sent to Roe, were intended to elicit a sexual response in the viewer. *See United States v. Brown*, 579 F.3d 672, 684 (6th Cir. 2009) (describing the limited context that can be examined to determine whether images were intended to elicit a sexual response in the viewer).

Livingood's assertion that he did not intend to create child pornography is belied by the same evidence. Thus, these claims are without merit.

**B.**

Next, Livingood argues that Spedding was ineffective for failing to inform him that intent is an essential element of production of child pornography. This claim, however, is clearly refuted by the record.

Livingood pleaded guilty to Count 1 pursuant to a written plea agreement. The Court engaged in a thorough colloquy during which Livingood advised the Court that he had reviewed and discussed the indictment, and the case in general, with Spedding and that he understood the charges against him. [Record No. 66] When asked whether he was satisfied with Spedding's services, Livingood answered, "absolutely." *Id.* at p. 6. Livingood confirmed that he had reviewed the plea agreement and its supplement with Spedding and that he understood these documents.

Paragraph two of the plea agreement sets forth the essential elements of 18 U.S.C. § 2251, including: "The Defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. . . ." [Record No. 25] Additionally, Livingood confirmed to the Court that the following factual summary contained in the plea agreement was true and correct:

> (a) Diana Roe, an Indianapolis subject, was arrested in Indianapolis pursuant to an FBI investigation and was convicted of federal child pornography charges. During that investigation, it was determined that Roe was communicating on the application Kik with Kik user bryan388. Roe's phone was forensically examined and investigators located Kik conversations between Roe and bryan388 that included bestiality and child sexual abuse material (conversations that took place between January 2018 and May 2019). Subsequent investigation revealed that the bryan388 account was created and controlled by Livingood.

>    (b)  Using the bryan388 account, Livingood engaged in conversations with Roe about the sexual acts he wanted to perform on an infant that was in his care, custody and control.
>
>    (c)  Livingood then sent Roe images of the infant's lower half without clothing or a diaper on.  The infant's genitals are exposed and his legs spread.  Livingood's hand is reaching toward the infant's penis.  Livingood then sent a third image which showed Livingood engaged in sexually explicit conduct with the infant by grabbing the infant's penis with the thumb and index finger of the left hand.  The fingers are pulling back the foreskin of the infant's penis.
>
>    (d)  Livingood admits that he knowingly used the infant victim to engage in sexually explicit conduct for the purpose of producing visual depictions of the sexually explicit conduct. . . .
>
>    (e)  In addition to the images produced by Livingood described in paragraph 3(c), he also possessed additional images of child sexual abuse material on various electronic devices.

[Record No. 25, pp. 2-3]  The Court then asked whether it was Livingood's intention to enter a guilty plea to count 1 because he was in fact guilty of that charge and for no other reason. He responded: "Yes, sir, absolutely." *Id.* at p. 24.  The contents of the plea agreement and Livingood's sworn statements during the re-arraignment hearing completely undermine his claim that he was not aware of the elements of Count 1.  *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (observing that, "where the court has scrupulously followed the required [plea] procedure, the defendant is bound by his statements in response to that court's inquiry").

Livingood further contends that Spedding's failure to inform him that the photographs had to be lascivious resulted in him pleading guilty to a crime he did not commit.  To succeed on this claim, Livingood would have to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Pough*, 442 F.3d at 966 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  To that end, Livingood contends that he "intended to exonerate himself of this fictitious charge

from the very beginning. Absent his counsel's deficient performance he would have done just that." [Record No. 56, p. 22]

Livingood has failed to meet his burden regarding this argument. First, the defendant has not shown that counsel's performance was deficient. Even if Spedding did not explicitly define "lascivious" in his discussions with Livingood, he apparently gave Livingood the reasonable advice that the photographs of Livingood's grandson likely would meet that definition under the applicable law.

Further, Livingood has not shown a reasonable probability that he would have proceeded to trial had he been provided the definition of lascivious prior to entering a guilty plea. As previously noted, the evidence in the case, as well as the factual recitation in the plea agreement, demonstrates that several of the *Dost* factors were satisfied and that the two images at issue were, in fact, sexually explicit for purposes of 18 U.S.C. § 2251(a). Had Livingood proceeded to trial, he would have faced a total of six charges, facing a mandatory minimum sentence of five years' imprisonment on each of counts 2 through 5. And rather than the statutory maximum of 30 years he risked by accepting the plea agreement, he also would have faced a maximum of 20 years on each of counts 2 through 6. Put simply, Livingood's bald assertion that he would have "exonerated himself" absent counsel's performance is insufficient to satisfy the prejudice prong under *Strickland* and *Hill*. *See Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir. 2013) (observing that a self-serving statement does not satisfy the movant's burden when "all objective evidence points unequivocally to the contrary"); *see also Gunter v. United States*, 2012 WL 3242142 (E.D. Tenn. Aug. 7, 2012) (rejecting movant's claim that he would have proceeded to trial rather than entering a guilty plea if counsel had explained the meaning of "in furtherance of").

## C.

Finally, Livingood claims that Spedding provided ineffective assistance by failing to file an appeal on his behalf. Livingood reports in his § 2255 motion that he told Spedding, at an unspecified time, "to appeal if he received the maximum sentence." [Record No. 56, p. 23] Livingood explains in a separate attachment that he and Spedding discussed an appeal on several occasions. [Record No. 56-1] According to Livingood, Spedding advised him that he would be sentenced to at least 15 years' imprisonment and Livingood told him that he "still wanted to appeal" if he received the minimum sentence. Livingood then asked, "what if I get a max sentence?" and Spedding replied, "why would you not appeal?" Livingood maintains that he thereafter "believed without reservation an appeal would be filed on [his] behalf." The Court received correspondence from Livingood on December 21, 2022, advising that he had been transferred to another facility shortly after his sentencing hearing and seeking an update regarding his appeal status. [Record No. 49]

The United States has provided the affidavit of attorney Spedding. [Record No. 68-1] Spedding reports that he sent a letter *via* U.S. First Class mail to the defendant at the Woodford County Detention Center on September 19, 2022 (three days after the sentencing hearing) advising him that he had fourteen days from the date of sentencing to file a notice of appeal.[3] Spedding followed-up with another letter on September 21, 2022, wherein he sent Livingood a copy of his Judgment. Although Livingood denies receiving Spedding's letters, Spedding

---

[3] Despite the appeal waiver contained in the plea agreement, the Court also instructed Livingood at the conclusion of the sentencing hearing that any notice of appeal would have to be filed within 14 days from the date the judgment was entered in the case. The Court further advised Livingood that he could seek to appeal *in forma pauperis* and could seek to have counsel appointed to represent him in connection with any appeal. [Record No. 67, pp. 36-37]

has provided a record from the Woodford County Detention Center indicating that legal mail from Spedding was received at the detention center on September 21 and September 26, 2022. Spedding also tendered a booking document reflecting that, contrary to Livingood's suggestion, he was not transferred out of the Woodford County Detention Center until October 25, 2022. [Record No. 68-1] Livingood has not disputed any of these assertions.

An attorney who disregards the defendant's specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable. *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). When that occurs, prejudice is presumed and a *per se* violation of the Sixth Amendment results. *Ludwig v. United* States, 162 F.3d 456, 459 (6th Cir. 1998). However, Livingood does not allege that he gave Spedding specific instructions to file a notice of appeal. Instead, he contends that at some point during his discussions with Spedding prior to sentencing, he indicated that he wanted to file an appeal in the future even if he received the statutory minimum sentence. Rather than giving Spedding express instructions to file an appeal following the sentencing hearing, Livingood contends that he simply assumed Spedding would do so based on their earlier conversation.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court considered counsel's failure to file an appeal when, as here, the defendant neither instructs counsel to file an appeal nor asks that an appeal be taken. The Court observed that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal (e.g., because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. In making this determination, the court "must take into account all the information counsel knew or should

have known." *Id.* The touchstone of the analysis is whether counsel made objectively reasonable choices. *Id.* at 479.

Here, Spedding was not required to file a notice of appeal without further instruction from the defendant. Rather than giving Spedding specific instructions to file an appeal, Livingood speculated (at an unknown time) about his desire to appeal if he were to receive a particular sentence. After Livingood waived his appellate rights pursuant to the plea agreement and received a sentence other than the one previously discussed, Spedding would not have reasonably known whether Livingood wanted to file an appeal. However, because Livingood had previously expressed an interest in appealing, Spedding made the reasonable decision to consult with him by sending him a letter reminding him of his appellate rights and instructing him to contact Spedding immediately if he wished to file an appeal. [Record No. 68-1] When Spedding did not hear from Livingood, he could reasonably assume that Livingood did not wish to file an appeal. Accordingly, Spedding's failure to file a notice of appeal on Livingood's behalf did not constitute ineffective assistance of counsel.

### III.

The Court declines to issue a Certificate of Appealibility. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, the movant must show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Livingood has not made a substantial showing of the denial of a constitutional right. Reasonable jurists would not debate this conclusion with respect to Livingood's claim that counsel failed to sufficiently investigate his case, as counsel has verified that he spent over 35 hours reviewing discovery material and met with the defendant on eight occasions to discuss the case. Further, Livingood has not identified any particular aspect of the case that Spedding should have investigated further. Reasonable jurists also would not debate the Court's denial of Livingood's claim that Spedding failed to inform him regarding the elements his crime when these elements were contained in the plea agreement, which Livingood acknowledged understanding and having reviewed with Spedding. Further, Livingood has made no colorable showing that he would have proceeded to trial rather than pleading guilty if not for Spedding's alleged errors.

Finally, reasonable jurists would not debate the Court's conclusions with respect to Livingood's claim that Spedding provided ineffective assistance by failing to file a notice of appeal. Taking Livingood's version of the facts as true, the defendant did not explicitly advise Spedding to file a notice of appeal. Spedding consulted with Livingood concerning an appeal following sentencing, but Livingood did not respond by instructing Spedding to file an appeal on his behalf.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant/Movant Christopher Livingood's motion under 28 U.S.C. § 2255 [Record No. 56] is **DENIED**.

- 13 -

    2.       The claims raised in Livingood's collateral proceeding are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

    3.       A Certificate of Appealability will not issue.

Dated: May 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky